# Somerset Borough *v.* Ott, Appellant.

*Boroughs—Contract—Extra work—Abandonment of contract.*

Where a dispute arises between a borough and a contractor as to whether additional work made necessary by a change in the location of the sewer should be done at the price fixed by the contract for work to be done under the original plan, or at the price fixed for extra work, and such dispute arises before any of the additional work has been done, the contractors are not justified in abandoning the work when half finished, by reason of the dispute. They must perform at least the work originally contracted for, as to which there is no dispute.

Argued Oct. 29, 1906. Appeal, No. 125, Oct. T., 1906, by defendants, from judgment of C. P. No. 3, Allegheny Co., May T., 1902, No. 109, on verdict for plaintiff in case of Somerset Borough v. Charles Ott et al. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit for breach of contract to construct a sewer. Before McClung, J. See 207 Pa. 539.

At the trial it appeared that the defendants had a contract with the plaintiff to construct a sewer. When the work was about half finished a dispute arose as to whether additional work made necessary by a change in the location of the sewer should be paid for as extra work. This dispute not having been settled to the defendants' satisfaction, they abandoned the work.

Defendants presented the following points:

1. The agreements of the defendants in relation to the outlet sewer on West street, as shown in their proposal and contract, was for the furnishing and laying complete of a definite amount of sewer pipe, of definite dimensions, at a prescribed depth, on a definite location on the ground, and for a fixed amount of money, to wit:

2,066.65 ft. of 8 in. pipe, average cut 8.25 feet    $1,446.00
867.8 ft. of 12 in. pipe, average cut 9.66 feet        650.00
2,900 ft. of 18 in. pipe, average cut of 15.5 feet    4,437.00

or a total with tees, manholes, inspection holes as prescribed of $7,483.25. And the prices named therein for the laying of

those particular portions of the sewer, cannot be taken as the price or compensation for any extra work, unless such price be that named in the proposals made by the contractor for sewer of a like depth and dimensions of pipe. *Answer:* Refused. [2]

2. The extension of the outlet sewer being extra work, and there being no price named in the proposal for the doing of such extra work, that is, for the laying of pipe of the size and depth of cut, the defendants were entitled to the same at the actual cost thereof, with ten per cent additional. *Answer:* Refused. [3]

3. The extension of the outlet sewer ordered by the engineer being extra work, and the defendants being entitled to do the same on force account, that is, at the actual cost thereof with ten per cent additional, if the jury find that the defendants were not permitted to do said work upon force account, then this was a breach of the contract by the plaintiff; and if the jury further find that defendants were directed and required by the engineer of the plaintiff borough to construct said outlet as extended, by beginning at the creek and proceeding north, then the defendants were justified in refusing to construct said outlet sewer, and in withdrawing from the work. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $13,878.53. Defendant appealed.

*Errors assigned* were (2-4) above instructions, quoting them.

*Homer L. Castle,* with him *F. W. Jarvis, W. H. S. Thomson* and *Frank Thomson,* for appellant.

*Geo. B. Gordon,* with him *Wm. Watson Smith, John L. Prestley, Harry J. Nesbit, W. H. Ruppel, C. W. Walker* and *A. L. G. Hay,* for appellee.

OPINION BY MR. JUSTICE FELL, January 7, 1907:

The single question argued on this appeal may be briefly disposed of. The action was to recover damages for a breach of contract to build a system of sewers in the borough of Somerset. The work was abandoned by the defendants when half finished. They sought to justify this abandonment on

the ground that there had been a breach of contract by the borough. The dispute between the parties was as to whether additional work made necessary by a change in the location of a sewer should be done at the price per lineal foot fixed by the contract for work to be done under the original plan, or at cost plus ten per cent, the price fixed for extra work. This dispute arose between the defendants and the borough's engineer before any of the additional work had been done. The learned trial judge held that a difference of opinion as to the construction of the contract did not justify the defendants in dismissing their men, removing their tools and abandoning the work. This was clearly right. The defendants were bound in any event to perform at least the work originally contracted for, as to which there was no dispute.

The judgment is affirmed.